IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL GOIST, *aka* | ) | CASE NO. 1:13 CV 2731 |
| U.S. Marshal Registered Vessel | ) | |
| No. 53614-060 | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| CYNTHIA WESCOTT RICE, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Paul Goist filed the above-captioned action under Admiralty and Maritime law, and Federal Civil Procedure Rule 9(h) against former Assistant United States Attorney ("AUSA") Cynthia Wescott Rice. In the complaint, plaintiff challenges his 2001 conviction in the United States District Court for the Northern District of Ohio on two counts of unarmed bank robbery. *See United States v. Goist*, No. 4:00-cr-489 (N.D. Ohio Nov. 7, 2001)(O'Malley, J.). He seeks sixty million dollars in damages, and release from prison.

**Factual and Procedural Background**

Plaintiff's complaint is composed almost entirely of legal rhetoric. The Court takes notice of its own records that plaintiff was convicted on November 7, 2001 on two counts of unarmed bank robbery and was sentenced to 240 months in prison. He is scheduled for release on August 4, 2018.[1]

---

[1] *See* http://www.bop.gov

(continued...)

The AUSA who prosecuted his case was Cynthia Wescott Rice. One year after Plaintiff's conviction, she was elected to serve as a Judge of the Ohio Eleventh District Court of Appeals.

Plaintiff appealed his conviction and the Sixth Circuit Court of Appeals affirmed on May 8, 2003. He then filed a Motion to Vacate under 28 U.S.C. §2255 on May 29, 2003. That Motion was denied on December 30, 2003. He also filed a Motion for New Trial. The court denied the Motion on March 15, 2004.

Plaintiff filed a civil rights action against the United States, Cynthia Wescott Rice, defense counsel Alex Palumbaro, FBI Agent Bonnie Rutherford, and John/Jane Doe statutory agents. *Goist v. United States of America, et al.*, No. 4:02 CV 1832 (N.D. Ohio Nov. 13, 2002)(Economus, J.). In that action, he challenged his conviction under Civil Procedure Rule 60(B) for "an independent action for Fraud of the Court." *Id.* That action was dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A.

Long after his remedies to challenge his conviction were exhausted, Plaintiff began to harass United States District Judge Kathleen O'Malley, AUSA Gary Arbeznik, and the Honorable Cynthia Wescott Rice, by filing fraudulent liens, judgments and debts against them. The United States filed an action against Plaintiff seeking to enjoin him from filing additional liens. The court granted that request and also ordered Plaintiff to pay a civil penalty of $5,500 and the attorney fees incurred in terminating the fraudulent liens.

Having failed to secure his release from prison through other legal avenues, Plaintiff now attempts to challenge his conviction under admiralty law by bringing this civil suit against Judge

---

[1](...continued)

Wescott Rice. He calls himself a "U.S. Marshal Registered Vessel" and lists his "vessel number" as his prison identification number. (ECF No. 1 at 1). He then labels himself as the "vessel's" master and proctor "as evidenced by the subrogation diversity surety bonds filed June 20, 2005, credited to the United States Treasury, under Credit Symbol Number 00004660-8 June 20, 2005 as satisfaction and set-off for the debt under account number(s) 4:00-cr-0489KMO... ." (ECF No. 1 at 1). He claims former AUSA Cynthia Wescott Rice is guilty of "contumacy" because she represented the government without taking a mandated oath of office under 5 U.S.C. §3331, 5 U.S.C. §§2903 through 2906, and 5 U.S.C. § 5507, and without posting a legally sufficient bond in his criminal case. He asks that Cynthia Wescott Rice "be declared to have incurred liability under account number 4:00cr0489KMO...and the credit set forth under Treasury Credit Symbol Number 00004660-8 credited June 20, 2005 to the United States Treasury Department for condemnation and collection." (ECF No. 1 at 3). He requests that she be ordered to post a bond of sixty million dollars and that the "claims against U.S. Marshal registered vessel number #53614-060 (Plaintiff) be dismissed and liability thereunder discharged." (ECF No. 1 at 3).

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.

*Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## Discussion

As an initial matter, plaintiff's invocation of admiralty jurisdiction is legally and factually frivolous. Admiralty jurisdiction requires a connection to navigable waters. *Kossick v. United Fruit Co.*, 365 U.S. 731, 736 (1961). Plaintiff is currently incarcerated in FCI-Williamsburg, in Salters, South Carolina. While South Carolina may border the Atlantic Ocean on one side, FCI-Williamsburg and all the inmates housed at that facility are land-locked. Plaintiff doesn't transform into a ship merely by calling himself a "vessel" and his conviction, which took place in the federal

courthouse in Cleveland, Ohio was not a maritime tort. Admiralty jurisdiction is not applicable.

There is no other federal cause of action apparent on the face of the complaint. Plaintiff seeks to overturn his conviction by claiming the AUSA that prosecuted him failed to take an oath of office for appointed government officials. He can only challenge his conviction on direct appeal or in a Motion to Vacate filed under 28 U.S.C. § 2255. Plaintiff already filed a § 2255 motion in 2003. That Motion was denied. He cannot file a second or successive motion under §2255 unless the Court of Appeals first certifies that the new petition contains newly discovered evidence which is sufficient to establish that no reasonable fact finder would have found the petitioner guilty. 28 U.S.C. § 2255. The district court cannot construe this action as a successive § 2255 petition.

Furthermore, this Court cannot construe a civil rights cause of action under *Bivens*.[2] Plaintiff does not specify a legal cause of action that can be asserted under *Bivens* and none is apparent on the face of the complaint. Although plaintiff's *pro se* pleading is held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21, this Court is not required to conjure up a viable claim from unpled allegations. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

In addition, plaintiff seeks release from prison and reversal of his conviction. When a plaintiff is essentially challenging the validity of his present confinement in a correctional institution, he cannot obtain release through a civil rights action. His sole remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Finally, Ms. Wescott Rice prosecuted plaintiff and obtained a conviction in November 2001. The two year statute of limitations to file a *Bivens* action expired ten years ago. A civil rights action

---

[2] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

would be untimely.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: May 7, 2014

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.